# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00085-MR

| | |
|---|---|
| TED AGEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU CHURCH, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 5, 9].

**I.  BACKGROUND**

Pro se Plaintiff Ted Agee ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on April 20, 2022 against Defendants FNU Church, FNU Shields, FNU Franklin, FNU Lane, FNU Mangum, and FNU Freeman, all identified as officers at Foothills, in their individual and official capacities. [Doc. 1].

Plaintiff alleges in pertinent part as follows. On April 5, 2022 at approximately 1:00 p.m., Plaintiff set a fire in his cell. Defendants Franklin

and Church responded and radioed for Plaintiff's cell to be opened. Plaintiff stepped out of his cell with his hands up and complied with Defendant Franklin's order to get on the ground. Plaintiff then complied with Defendant Church's order to get on his stomach and submit to handcuffs. Defendant Franklin forcefully applied handcuffs to Plaintiff's wrists and Defendant Church tased Plaintiff's left shoulder area. Apparently, the inmate housed next to Plaintiff had also started a fire. Several correctional officers, including Defendants Shields and Lane, responded to that fire. When Defendant Shields responded, he kicked Plaintiff in the neck area. As other officers were kicking, punching, and tasing another inmate, Plaintiff attempted to scoot out of the way to avoid further assault. At this time, Defendant Lane grabbed the handcuffs securing Plaintiff's wrists and drug Plaintiff two to three feet along the ground, causing a "friction burn" on Plaintiff's shoulder. During these events, Plaintiff "continuously yelled that he needed medical and that he could barely breathe." When Defendant Lane was pushing his knee into Plaintiff's back, medical arrived and informed officers that Plaintiff needed outside medical care. Plaintiff was taken to and treated at Burke County Hospital. [Doc. 1 at 3-4]. On April 8, 2022, Defendant Mangum came to Plaintiff's cell and "made several extraordinary threatening and harassing comments." [Id. at 4].

Plaintiff alleges that Defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment. [Id. at 4]. Plaintiff seeks injunctive and declaratory relief, as well as compensatory, punitive, and nominal damages. [Id. at 5]. Plaintiff seeks a preliminary injunction ordering that he be moved to Central Prison "for his protection until such time when he can exhaust the administrative remedy procedure." [Id. at 5]. Plaintiff alleges that he "began the process of complying with 42 U.S.C. § 1997(e)(a) [*sic*] on April 9th, 2022 by submitting a grievance form. Due to continuous threats and harassment from Officers, Plaintiff is seeking a Preliminary Injunction and Temporary Relief Order … until such time when the Administrative Remedy Procedure can be exhausted." [Id. at 4]. On May 12, 2022, Plaintiff mailed an Administrative Remedy Statement attesting that he "[has] not exhausted [his] administrative remedies." [Doc. 7].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 Fed. App'x 845,

846 (4th Cir. 2011).

The PLRA, however, does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Rather, failure to exhaust administrative remedies is an affirmative defense. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint[.]" Id. at 683; Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

The North Carolina Department of Public Safety (NCDPS) has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Inmates are required to exhaust administrative remedies with the NCDPS in accordance with ARP. Id. An inmate does not exhaust his administrative remedies with the NCDPS until he completes all three steps. Id.

Here, Plaintiff affirmatively alleges that he did not exhaust the administrative remedy procedure before filing his Complaint. Rather, he filed

6

Case 1:22-cv-00085-MR   Document 10   Filed 06/09/22   Page 6 of 7

the Complaint fifteen days after the incident and asks for injunctive relief pending conclusion of the administrative remedy process. Moreover, as of May 12, 2022, the process was not complete. The Court, therefore, will sua sponte dismiss this action without prejudice.[1] See Custis, 851 F.3d at 361.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED without prejudice** in accordance with the terms of this Order.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 9, 2022

Martin Reidinger
Chief United States District Judge

---

[1] Even if Plaintiff had exhausted his administrative remedies before filing the Complaint, the Court would not grant Plaintiff's request for injunctive relief. Injunctive relief is an extraordinary remedy never awarded as of right, Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008), and Plaintiff has not satisfied the requirements therefor, see Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).